**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Chambers of
**Jessica S. Allen**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973) 645-2580

November 10, 2026

**LETTER ORDER**

*To: Plaintiff via Regular U.S. Mail and Defense Counsel of Record via ECF*

**Re: Marquez v. iLearn Schools, Inc., et al.**
**Civil Action No. 25-2417 (MEF) (JSA)**

Dear Plaintiff and Counsel:

Before the Court is the parties' dispute regarding whether a confidentiality order is necessary. (*See* ECF Nos. 62-65). No oral argument was heard. *See* Fed. R. Civ. P. 78. Having considered the parties' submissions, and for the reasons set forth below, and for good cause shown, the Court finds it is appropriate to enter a confidentiality order in this case.

Local Civil Rule 5.3(b)(1) provides, in relevant part, "[p]arties may enter into written agreements to keep materials produced in discovery confidential . . . ." *Id.* In the event the parties do not agree to a form of a confidentiality order, the dispute shall be presented to the Magistrate Judge. *See* L. Civ. R. 5.3(b)(5). Plaintiff contends that a confidentiality order is necessary in this case, as discovery produced will include confidential medical and health information, tax and financial information, and employment records. (*See* ECF No. 65 at 2-3). Defendants counter that such an order is not necessary because all that will be disclosed is Plaintiff's personal information, such as her date of birth and social security number, which are adequately protected from disclosure pursuant to Local Civil Rule 5.2. (*See* ECF Nos. 62 & 63). Defendants continue that since Plaintiff is not seeking to protect "proprietary, trade secret and/or highly sensitive commercial information," a confidentiality order is not necessary. (*See* ECF No. 62). This Court disagrees.

Plaintiff has identified production of medical, financial, and tax information, and those are precisely the categories of personal information that a confidentiality order is designed to address. (*See generally* L. Civ. R., Appendix S). Accordingly, the Court finds that Plaintiff has shown sufficient good cause to warrant the entry of the Court's Appendix S Confidentiality Order. *See, e.g.*, *Doe PB v. Wyndham Hotels & Resorts, Inc.*, 750 F. Supp. 3d 484, 489-90 (D.N.J. 2024). To the extent Plaintiff designates any material exchanged in discovery as "confidential" and Defendants desire to challenge such a designation, the parties are directed to follow the procedure outlined in Appendix S. (*See, e.g.*, Appendix S Confidentiality Order, ¶¶ 1, 9).

Based on the above, the Court directs the parties to enter a confidentiality order consistent with Appendix S of the Local Civil Rules and submit the executed order to the Court on or before **November 20, 2026**.

**SO ORDERED**.

**s/Jessica S. Allen**
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

cc: Hon. Michael E. Farbiarz, U.S.D.J.